UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | SACV 19-01920 AG (JCx) | Date | October 9, 2019 |
|---|---|---|---|
| Title | MAHAFFEY LAW GROUP, P.C. v. STEVEN E PAGANETTI, ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

## [IN CHAMBERS] ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

Plaintiff filed this state law case in state court, asserting claims for fraud, breach of contract, and conversion, among other things. (*See generally* Dkt. No. 1 at 6-65, CM/ECF pagination.) Defendant Steven E. Paganetti ("Mr. Paganetti") removed to this Court, asserting diversity jurisdiction. (Dkt. No. 1 at 1-4.)

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of* America, 511 U.S. 375, 377 (1994). Defendants sought to invoke that limited jurisdiction when they filed their notice of removal in this Court. *See id.* ("It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction."); *see also United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) ("Nothing is to be more jealously guarded by a court than its jurisdiction." (citation omitted)).

The Court has concerns about whether it has jurisdiction over this case. It's clear from Plaintiff's complaint that federal question jurisdiction doesn't exist. Instead, Defendants say this Court has diversity jurisdiction over this matter. But the Court doubts whether complete diversity existed at the time of removal.

On September 4, 2019, this Court remanded a previously filed case that was identical to the action now before the Court. (SACV 19-01231-AG-JC at Dkt. No. 61.) Then, this Court found a lack of diversity jurisdiction because Defendant Wild, Carter & Tipton ("WCT") was a California resident whose presence divested the Court of its subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-01920 AG (JCx) | Date | October 9, 2019 |
|---|---|---|---|
| Title | MAHAFFEY LAW GROUP, P.C. v. STEVEN E PAGANETTI, ET AL. | | |

Now, WCT is still a named defendant in this action, and the Court is once again concerned that WCT's presence divests this Court of subject matter jurisdiction. Mr. Paganetti omits reference to WCT in his notice of removal. (*See* Dkt. No. 1 at 1, 3.)

Mr. Paganetti is thus ORDERED to show cause why this case should not be dismissed for lack of jurisdiction. In reviewing this matter, the Court will consider all available remedies, including sanctions. Mr. Paganetti may submit a brief of no more than 3 pages by **October 24, 2019**.

: 0

Initials of Deputy Clerk  mku